**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHIRLEY LEONARDSON,

       Plaintiff,                   CASE NO. 05-CV-40046-PVG-PJK
                                         HONORABLE PAUL V. GADOLA
v.                                         MAGISTRATE JUDGE PAUL J. KOMIVES

ERIC PEEK, DEBRA RICE,
BRETT HALSEY, CHRIS KUHL,
MELVIN HARTMAN, DAN HEYNES,
N. RELIFORD and WILLIAM DOBBINS,

       Defendants.

_____

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER (Doc. Ent. 91) and MOOTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL INFORMATION REGARDING THE PROFESSIONAL HOURLY RATES OF PLAINTIFF'S EXPERT WITNESSES (Doc. Ent. 100)**

**I.    OPINION**

**A.    Background and Procedural History**

On February 10, 2005, plaintiff Shirley Leonardson filed a complaint against defendants Sgt. Eric Peek, Deputy Debra Rice, Deputy Brett Halsey, Deputy Chris Kuhl, Deputy Melvin Hartman and Sheriff Dan Heynes. (Doc. Ent. 1 [Compl.]). The complaint was also filed against Dr. William Dobbins and N. Reliford, CMA. Plaintiff alleges that plaintiff's decedent, Douglas Leonardson, "died as the result of being deprived of medical help and treatment over the course of several days while he slowly deteriorated from complications relating to his polyglandular autoimmune syndrome Type III." Plaintiff further alleges that "[i]n addition to being deprived

1

of necessary medical help and treatment, Douglas Leonardson was also deprived of medication which was necessary to treat his condition and sustain his life." Compl. ¶ 3. Specifically, plaintiff alleges (I) violation of 42 U.S.C. § 1983 and the 4th, 8th, and 14th Amendments to the United States Constitution; (II) gross negligence and/or intentional infliction of emotional distress; and (III) 42 U.S.C. § 1983 against Jackson County Sheriff. Compl. ¶¶ 25-53. On March 3, 2005, Judge Gadola entered an order dismissing without prejudice all of plaintiff's state law claims.[1]

On October 6, 2006, defendants Dobbins and Reliford filed a motion for protective order regarding plaintiff's experts' deposition fees. (Doc. Ent. 91). That motion specifically mentioned Werner U. Spitz, M.D. (Pathologist); Scott Jacobs, M.D. (Emergency Medicine); Dennis Levin, M.D. (Family Practice); Michael Hackett (Criminal Justice) and Tracey J. Christy, R.N. (Correctional Nursing). Doc. Ent. 91-1 ¶¶ 2, 16, 18 and 19. Defendants argued that "Federal And Michigan Law Prohibits Flat or Minimum Deposition Fees"; "Plaintiff's Experts' Fees Are Unreasonable"; "Defendants Should Not Be Required To Prepay Plaintiff's Experts' Deposition Fees"; "Defendants are entitled to reimbursement for the portion of Plaintiff's experts' deposition fees already paid, which the Court determines were unreasonable[.]" Doc. Ent. 91-1 at 18, 21, 25.[2]

On October 25, 2006, plaintiff filed a response requesting that the motion be denied and

---

[1] On April 11, 2006, plaintiff filed a motion to amend the complaint and adjourn discovery. (Doc. Ent. 79). On May 25, 2006, Judge Gadola referred this motion to me for hearing and determination. (Doc. Ent. 84). I will file a separate order addressing plaintiff's motion to amend.

[2] On October 10, 2006, Judge Gadola referred this motion to me for hearing and determination. (Doc. Ent. 92).

that plaintiff receive an award of costs and attorney fees wrongfully incurred in responding to defendants' motion. (Doc. Ent. 93-1 at 4-5). Defendants filed a reply on October 31, 2006. (Doc. Ent. 95). On November 2, 2006, the Jackson County defendants filed a concurrence with defendants Dobbins and Reliford's motion for protective order. (Doc. Ent. 96).

The hearing on this motion was scheduled for November 20, 2006. (Doc. Ent. 94). On the date set for hearing, attorneys Robert M. Giroux, Jr. and Dianna L. Caywood were present. Following oral argument, and in accordance with *Barrett v. Nextel Communications, Inc.*, No. 04-CV-74556-DT, 2006 WL 374757, *2 (E. D. Mich. Feb. 16, 2006),[3] I granted the motion and asked counsel to provide an order reflecting my ruling. An order addressing defendants' October 6, 2006 motion for protective order has not been entered.

**B.     The Instant Motion**

On November 22, 2006, counsel for defendants Reliford and Dobbins wrote to plaintiff's counsel seeking the hourly rate for plaintiff's experts professional services, as well as an invoice reflecting the expert's deposition preparation time. Doc. Ent. 100-3. On December 19, 2006, counsel for defendants Reliford and Dobbins wrote to plaintiff's counsel, notifying him of the January 2, 2007 telephone conference regarding plaintiff's expert witnesses' professional hourly rate. Doc. Ent. 100-4. This telephone conference was not held, due to the Court's closure in honor of former President Gerald Ford's passing.

On January 9, 2007, defendants Dobbins and Reliford filed a motion to compel information regarding the professional hourly rates of plaintiff's expert witnesses. (Doc. Ent.

---

[3]"An expert's regular hourly rate for professional services is presumptively a reasonable hourly rate for deposition." *Barrett v. Nextel Communications, Inc.*, No. 04-CV-74556-DT, 2006 WL 374757, *2 (E. D. Mich. Feb. 16, 2006).

3

100).[4]  On January 11, 2007, plaintiff's counsel wrote to counsel for Dobbins and Reliford regarding the requested information.  Doc. Ent. 103-3.

On January 26, 2007, plaintiff filed a response.  (Doc. Ent. 103).  On January 30, 2007, defendants filed a reply.  (Doc. Ent. 104).

On February 5, 2007, I held a hearing regarding defendants' motion.  Present in my courtroom were attorneys Robert M. Giroux, Jr., Dianna L. Caywood and Patrick A. Aseltyne.[5]

**C.    Analysis**

**1.    Defendants' motion is rendered moot to the extent it sought plaintiff's expert witnesses' professional hourly rates.**

Defendants Dobbins and Reliford's motion seeks an order requiring plaintiff "to provide the information sought within seven (7) days of the date of an order granting the present motion[.]" Doc. Ent. 100-1 at 4.  It appears that information regarding the Levin, Jacobs and Christy was faxed to defense counsel on January 11, 2007.  Doc. Ent. 103-3 at 103-3 a 3-5.  Furthermore, a January 12, 2007 letter from Michael Hackett to plaintiff's counsel and a January 14, 2007 letter from Jacobs to plaintiff's counsel are attached to plaintiff's January 26, 2007 response.  Doc. Entries 103-4, 103-5. Also attached to the response is a chart titled, "Harbor-UCLA Medical Foundation, Inc. Professional Building Fees", apparently relating to Dr. Levin.  Doc. Ent. 103-1, 103-6.

In light of the foregoing, defendants' Dobbins and Reliford's motion is rendered moot to the extent it seeks plaintiff's expert witnesses' professional hourly rates.

---

[4]On January 17, 2007, Judge Gadola referred this motion to me for hearing and determination.  (Doc. Ent. 101).

[5]At the conclusion of oral argument, attorney Aseltyne, counsel for defendants Peek, Rice, Halsey, Kuhl, Hartman, Heynes registered a concurrence in co-defendants' motion.

**2. Defendants' request for the imposition of sanctions and an award of costs is denied.**

Defendants request that the Court "impose sanctions and award the costs associated with the necessity of bringing the instant motion." Doc. Ent. 100-1 at 3-4. Specifically, defendants seek "costs and attorney fees unreasonably incurred in having to prepare this motion." Doc. Ent. 100-1 at 4.

This request is denied. First, there appears to be an honest dispute about what was to be contained in the order provided to the Court. For example, plaintiff's counsel's January 11, 2007 letter states "[i]t was my understanding, based upon being at the hearing, that you were to enter an order which generally identified the Court's ruling." Doc. Ent. 103-3. It is plaintiff's position that the order should state: "Plaintiff's experts are to be paid no more than their regular[] hourly rate for professional services and are to be paid for their preparation time incurred before their depositions." Doc. Ent. 103-1 at 8. *See also* Doc. Ent. 103-1 at 3 ¶ 12, 4 ¶ 14, 103-1 at 5, 103-1 at 7-8. It is defendants' position that the order was to contain the experts' professional services hourly rate. Doc. Ent. 104 at 2. Second, I find that there was an honest debate over the issue of the fee to be charged following my November 20, 2006 ruling. As discussed below, the hourly professional fees for Jacob and Hackett exceed their hourly expert witness fees. Third, I am not convinced that the delay in providing the information was ill-based, because, as plaintiff's response provides, "it was Plaintiff's counsel's understanding or assumption that the [provision of information to defense counsel] would follow the order which was to be entered on Defendants' motion." Doc. Ent. 103-1 at 5 n.1. Plaintiff's response further provides that "Plaintiff's counsel believed that Defendants would be submitting an order following the hearing after which Plaintiff would gather and submit all of the information necessary for Defendants to pay Plaintiff's experts." Doc. Ent. 103-1 at 7. For these reasons, I

conclude that an award of costs and attorney fees associated with this motion is not justified.

**3.    Defendants' reply is construed as a challenge to the reasonableness of the experts' professional services hourly rates and the amount of time spent on deposition preparation.**

**a.**    The Court now finds itself at the point predicted in plaintiff's response to the instant motion - assuming an order had been entered requiring plaintiff's experts to be reimbursed at no more than their regular hourly rate for professional services and to be compensated for preparation time, subsequent disputes could be addressed in a subsequent motion if unable to be resolved by the parties.  Doc. Ent. 103-1 at 8.

Plaintiff requests a Court order "requiring Defendants to pay within 21 days of the date of order, the following amounts:

1. For Dr. Scott Jacobs, $1,000.00 per hour for 16.5 hours of preparation time and 3.75 hours for his deposition;
2. For Dr. Dennis Levin, $425.00 per hour for 6 hours of preparation time and 2.0 hours for his deposition;
3. For Dr. Werner Spitz, $400.00 per hour for 15.3 hours of preparation time and 2.25 hours for his deposition;
4. For Tracey Christy, RN, $49.00 per hour for 30 hours of preparation time and 4.25 hours for her deposition; and
5. For Michael Hackett, $600.00 per hour for 7.5 hours of preparation/travel time and 1.75 hours for his deposition.

Doc. Ent. 103-1 at 8.  Defendants' reply takes issue with plaintiff's January 11, 2007 rate information for Spitz and Hackett.  Doc. Ent. 104 at 2-3.  Defendants reply also takes issue with preparation time.  Doc. Ent. 104 at 3-5.

**b.**    Even if I granted plaintiff's request that "the Court enter an order which states that Plaintiff's experts are to be paid no more than their regular[] hourly rate for professional services and are to be paid for their preparation time incurred before their depositions[,]" Doc. Ent. 103-1 at 8, I agree with plaintiff that "undoubtedly there are going to be some objections by

Defendants' counsel regarding the experts' professional services and/or preparation time." Doc. Ent. 103-1 at 5 n.1. In the interest of judicial economy and because they are related to the October 6, 2006 and January 9, 2007 motions referred to me, I will address those objections fairly raised by defendants' reply and/or February 5, 2007 oral argument.

In defendants' January 30, 2007 reply, defendants take issue with the plaintiff's January 11, 2007 correspondence with regard to Spitz's and Hackett's professional services hourly rates. Doc. Ent. 104 at 2-3. Also, defendants concede the reasonableness of Jacobs' initial requested hourly rate of $500; the reasonableness of Levin's initial requested hourly rate of $400 and the reasonableness of Christy's hourly rate of $49. Doc. Ent. 104 at 3.

During the February 5, 2007 hearing, defense counsel represented that defendants do not object to Christy's $49 hourly rate; Spitz's $400 hourly rate or Levin's $425 hourly rate. Therefore, defendants shall pay Christy and Levin at these rates.[6]

Defense counsel also represented defendants' objection to Jacobs $1000 hourly rate and Hackett's $600 hourly rate. I took a short recess to afford the parties an opportunity to come to an agreement regarding the hourly rates for Jacobs and Hackett. Although the parties were unable to arrive at an agreement, defense counsel provided some suggestions. First, citing a

---

[6]This opinion and order does not address the reasonableness of the asserted professional hourly rate for Spitz. During the February 5, 2007 hearing, defense counsel represented that defendants had prepaid Spitz for his deposition and asked the Court for guidance regarding reimbursement of any difference between the prepaid amount and the amount resulting from the professional hourly rate when multiplied by the length of the deposition. I specifically declined to address this issue, because Spitz was not present and was not represented by counsel. It is a different matter where, as above, I assess the reasonableness of a professional hourly rate to be paid. In the request raised by defense counsel, I would be assessing the reasonableness of a professional hourly rate regarding services for which a deposit has already been made, and my conclusion might require a refund. Such an issue is better addressed by a motion to which Spitz may directly respond, either by himself or through counsel. Accordingly, this conclusion is without prejudice to defendants filing such a motion.

letter that had set Hackett's fee at $500 for a half day, defense counsel suggested that a reasonably hourly rate would be $125.[7]  Second, defense counsel cited a letter that had set Jacob's fee at $500 per hour.[8]  Using Levin's professional services hourly rate of $425, defense counsel suggested that a reasonably hourly rate would be $425.  Finding these suggestions to be reasonable, I ruled that defendants should pay Jacobs and Hackett at the rates of $425 and $125, respectively.  However, upon further consideration, and in light of defendants' concession that Jacobs initial hourly rate of $500 was reasonable, defendants should pay Jacobs at the hourly rate of $500.

**c.**     Plaintiff represents that Jacobs spent 16.5 hours preparing for his deposition, Levin spent 6 hours preparing for his deposition, Spitz spent 15.3 hours preparing for his deposition, Christy spent 30 hours preparing for her deposition and Hackett spent 7.5 hours preparing and traveling to his deposition.  Doc. Ent. 103-1 at 8.

Defendants contend that "Plaintiff's attorney is apparently attempting to make up for the lower hourly rates by requesting exorbitant and outrageous fees for Plaintiff's experts' preparation time."  Defendants specifically mention the preparation amounts for Jacobs, Christy, Levin and Hackett.  Doc. Ent. 104 at 3-4.[9]  According to defendants, "[i]t appears that the requested preparation time is for the experts' entire time spent on this case, including preparation of their expert reports, as it is unbelievable that the experts spent this much time preparing for

---

[7]This amount is in accordance with Hackett's hourly deposition rate set forth in plaintiff's response to defendants' October 6, 2006 motion.  Doc. Ent. 93-1 at 10.

[8]This representation is consistent with the hourly deposition rate for Jacob listed in plaintiff's response to defendants' October 6, 2006 motion.  Doc. Ent. 93-1 at 10.

[9]The preparation time attributable to Spitz is not specifically mentioned.  Doc. Ent. 104 at 3-4.

8

two to three hour depositions." Doc. Ent. 104 at 4. Defendants suggest that the experts "should only be paid for preparation time equal to half the lengths of their depositions." Paying experts for all of their preparation time and "the number of hours claimed for deposition preparation", defendants contend, "is ludicrous." Doc. Ent. 104 at 5.

At the hearing, defense counsel objected to the amount of each of these experts' preparation time. Defense counsel further objected to the reimbursement for travel. On the bench, I stated that to the extent my previous order[10] permitted reimbursement for preparation time, it was amended.

However, upon further reflection, defendants should compensate plaintiff's experts for preparation time equal to half the length of their respective depositions. This decision is based upon (1) defendants' suggestion in their reply, Doc. Ent. 104 at 5; (2) my conclusion that it is plaintiff's responsibility to assume the costs for its experts' Fed. R. Civ. P. 26(a)(2) reports and (3) my conclusion that the experts are receiving a generous hourly rate for their deposition time.

**II.    ORDER**

In accordance with my November 20, 2006 ruling from the bench, defendants Reliford and Dobbins's motion for protective order regarding expert fees (Doc. Ent. 91) is GRANTED. As stated in Section I.C.3.c of the foregoing opinion, defendants shall compensate plaintiff's experts for preparation time equal to half the length of their respective depositions.

Furthermore, in accordance with Sections I.C.1 and I.C.2 of the foregoing opinion, defendants Reliford and Dobbins's motion to compel information regarding the professional

---

[10]No formal written order was ever entered. Instead, I asked counsel to confer and seek agreement as to the actual "regular hourly rate for professional services" and to include these rates in the order that counsel was to submit to the Court for entry.

hourly rates of plaintiff's expert witnesses (Doc. Ent. 100) is MOOTED IN PART and DENIED IN PART.

Furthermore, in Section I.C.3.b of the foregoing opinion, defendants shall compensate Jacobs at an hourly rate of $500; Levin at an hourly rate of $425; Christy at an hourly rate of $49 and Hackett at an hourly rate of $125.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
|  | s/Paul J. Komives |
|  | PAUL J. KOMIVES |
| Dated: 2/6/07 | UNITED STATES MAGISTRATE JUDGE |

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 6, 2007.
>
> s/Eddrey Butts
> Case Manager