UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY LEONARDSON, as personal
representative of the Estate of Douglas
Leonardson,

                              CIVIL CASE NO. 05-40046
          Plaintiff,

v.                                 HONORABLE STEPHEN J. MURPHY, III

SGT. ERIC PEEK, et al.,

          Defendants.
_____/

**ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S ORDER REGARDING EXPERTS' FEES**

Before the Court are the plaintiff's objections to the order issued by Magistrate Judge Paul J. Komives on February 6, 2007. In his order, the magistrate judge ruled on the question of certain experts' fees.

Nondispositive orders are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Here, the magistrate judge's order is not dispositive of any claims, and thus, this Court reviews the order to determine whether any portion of the order objected to by the parties is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The Court has reviewed the relevant portions of the record, including the magistrate judge's order, the objections, and the corresponding response. After this review, the Court finds that the order of the magistrate judge is neither clearly erroneous nor contrary to law. The magistrate judge considered the competing claims of the parties and arrived at a judicious resolution of the dispute regarding experts' fees. The Court finds that the reasoning of the magistrate judge is sound. Consequently, the Court cannot conclude that the magistrate judge's order is clearly erroneous or contrary to law.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the plaintiff's objections [docket entry #106] to the magistrate judge's order are **OVERRULED**.

**SO ORDERED.**

            s/Stephen J. Murphy, III
            STEPHEN J. MURPHY, III
            United States District Judge

Dated: January 13, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2009, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager