UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY LEONARDSON, as personal
representative of the Estate of Douglas
Leonardson,

                CIVIL CASE NO. 05-40046

          Plaintiff,

v.                            HONORABLE STEPHEN J. MURPHY, III

SGT. ERIC PEEK, et al.,

          Defendants.
_____/

**ORDER SUSTAINING THE DEFENDANTS' OBJECTIONS
TO THE MAGISTRATE JUDGE'S ORDER AND DENYING THE MOTION TO AMEND**

Before the Court are the defendants' objections to the order issued by Magistrate Judge Paul J. Komives on March 27, 2007. In his order, the magistrate judge granted the plaintiff's motion to amend the complaint. For the reasons below, the Court sustains the defendant's objections, vacates the magistrate judge's order, and denies the plaintiff's motion to amend.

Nondispositive orders are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge

>in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  Here, the magistrate judge's order is not dispositive of any claims, and thus, this Court reviews the order to determine whether any portion of the order objected to by the parties is "clearly erroneous" or "contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

In this case, the magistrate judge issued an order granting the plaintiff's motion to amend.  The magistrate judge ruled that Federal Rule of Civil Procedure 15(c)(2) permits the plaintiff to add a state medical malpractice claim because this claim arises out of the conduct set forth in the original pleading.  In support of this ruling, the magistrate judge found that the plaintiff's requested state medical malpractice claim does not involve novel or complex issues of state law and that it shares a common core of operative fact with the pending federal claim.

After reviewing the relevant portions of the record, the Court finds that the magistrate judge's order is contrary to law.  Under Michigan statutory law, the requirements for a viable medical malpractice claim are substantial and involve, among other things, considerations of statutes of limitations, notices of intent, and affidavits of merit accompanying the complaint.  *See Woodard v. Custer*, 476 Mich. 545, 554 (2006).  Here, the plaintiff has failed to show compliance with all these substantive requirements of

Michigan's medical malpractice law, and therefore have not provided the defendants with adequate notice of the medical malpractice claim. Consequently, the plaintiff does not have a viable claim for medical malpractice and amending the complaint would be futile. *See Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003) ("[T]he district court may deny leave to amend if the proposed amendment would be futile."). Moreover, the Court finds that exercising supplemental jurisdiction over a state medical malpractice claim is not appropriate under the circumstances, as this would not further the principles of judicial economy, convenience, fairness, and comity. *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172-73 (1997).

**ACCORDINGLY, IT IS HEREBY ORDERED** that the defendants' objections [docket entry #131] are **SUSTAINED**.

**IT IS FURTHER ORDERED** that the magistrate judge's order granting the motion to amend [docket entry# 125] is **VACATED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend [docket entry #79] is **DENIED**.

**SO ORDERED.**

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: January 13, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2009, by electronic and/or ordinary mail.

                                s/Alissa Greer
                                Case Manager