UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY LEONARDSON, as personal representative of the Estate of Douglas Leonardson,

                        CIVIL CASE NO. 05-40046

        Plaintiff,

v.                           HONORABLE STEPHEN J. MURPHY, III

SGT. ERIC PEEK, et al.,

        Defendants.
_____/

**ORDER OVERRULING THE DEFENDANTS' OBJECTIONS
TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

INTRODUCTION

This is a case brought pursuant to 42 U.S.C. § 1983, alleging violations of various constitutional rights. Two sets of defendants filed motions for summary judgment: (1) the defendants Dobbins and Reliford; and (2) the defendants Rice, Peek, Heyns, Kuhl, Hartman, and Halsey. After the briefing was complete, the magistrate judge issued a Report and Recommendation on August 27, 2007 recommending that summary judgment in favor of the defendants Dobbins, Reliford, Rice, and Peek be denied, and that summary judgment in favor of the defendants Heyns, Kuhl, Hartman, and Halsey be granted. The magistrate judge served the Report and Recommendation on the parties and notified the parties that any objections must be filed within ten days of service. Defendants Dobbins, Reliford, Rice, and Peek filed timely objections. For the reasons stated below, the Court overrules the defendants' objections and adopts the magistrate judge's Report and Recommendation in a manner consistent with this Order.

STANDARD OF REVIEW

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

For those portions of the Report and Recommendation to which the parties have not filed objections, the Court does not need to conduct a review and can simply accept and adopt the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). In this case, the defendants have filed objections to only portions of the magistrate judge's Report and Recommendation.

ANALYSIS

I. Background

The plaintiff Shirley Leonardson is the personal representative of the estate of her son, Douglas Leonardson, whose untimely death forms the basis for this lawsuit. The defendants Eric Peek, Debra Rice, Bretty Halsey, Chris Kuhl, and Melvin Hartman were all employees with the Sheriff's Department at the Jackson County Jail during the period of

Leonardson's incarceration. The defendant Dr. Williams Dobbins is the jail physician and the defendant Neely Reliford is a nurse at the jail. Generally, the parties do not disagree on the factual background of the case.

The following is a brief summary of the facts. In November 2002, Leonardson was sentenced to 93 days imprisonment in Jackson County Jail. On November 26, 2002, the defendant Dr. Reliford completed a medical intake form, on which Leonardson reported that he suffered from asthma and no other medical conditions. In the following days, during Leonardson's incarceration, Leonardson first complained of dizziness and vomiting and then experienced worsening symptoms. Under the observation of the medical defendants, Dr. Dobbins and Nurse Reliford, Leonardson displayed, among other things, an enlarged thyroid, weight loss, elevated potassium levels, and low sodium levels. On December 13, after Reliford was unable to locate a vein to draw blood from Leonardson, Dobbins instructed that Leonardson be taken to the hospital. Leonardson collapsed while being put into the vehicle for the hospital. Leonardson received CPR, was revived, and was rushed to the hospital by ambulance.

From December 13 to December 17, Leonardson was treated at the hospital, where he was diagnosed with Addison's Disease and polyglandular autoimmune disorder. He was discharged and returned to the jail in good condition, with instructions to be closely monitored. Leonardson still showed high potassium levels and low sodium levels, but the levels were better than they were before his hospitalization. Between December 17 and December 29, Leonardson did not request any medical care.

On December 29, Leonardson complained of dizziness, vomiting, and chest pain,

and stated that he had had these symptoms for three days already.  Leonardson was transferred to an observation cell on December 30.  He continued to have symptoms of vomiting, dehydration, and abnormal levels of sodium.  At 1:00 p.m. on December 31, Reliford entered the observation cell in order to draw blood from Leonardson.  Leonardson was sleeping and said that he didn't want to be disturbed in order to do blood work.  Reliford left the cell without pressing this issue with the plan of drawing blood the following morning.  Reliford left the jail when her shift ended at 3:00 p.m.

The defendants Rice and Peek began their shift at 11:00 p.m. on December 31.  Between 4:00 a.m. and 5:00 a.m. on January 1, Leonardson requested assistance in order to use the bathroom.  Rice and Peek went into the cell to help Leonardson.  When Rice and Peek tried to lift Leonardson, Leonardson said that he could not put his feet down.  Rice and Peek placed Leonardson back on his bed and left the observation cell.  Around 5:00 a.m., Rice went back into the cell and found Leonardson lying still with his mouth open.  Rice and Peek began CPR on Leonardson and the paramedics were called.  At 5:30 a.m., Leonardson was pronounced dead.

On Feburary 10, 2005, the plaintiff filed this suit against the defendants alleging that the defendants were deliberately indifferent to Leonardson's medical needs in violation of his rights under the United States Constitution.

II.  Defendants Heyns, Kuhl, Hartman, and Halsey

In his Report and Recommendation, the magistrate judge found that the defendants Heyns, Kuhl, Hartman, and Halsey were entitled to summary judgment with respect to the plaintiff's claims against them.  The parties did not object to this portion of the Report and

Recommendation. The Court thus adopts this portion of the Report and Recommendation and dismisses all of the plaintiff's claims against the defendants Heyns, Kuhl, Hartman, and Halsey.

III. Defendants Rice and Peek

In the Report and Recommendation, the magistrate judge ruled that the defendants Rice and Peek are not entitled to summary judgment. The magistrate judge found that, when considering the facts in the light most favorable to the nonmoving plaintiff, there is sufficient evidence for a factfinder to conclude that the defendants Rice and Peek were deliberately indifferent to Leonardson's serious medical needs and that they were not entitled to the defense of qualified immunity. The defendants filed objections to this ruling, arguing that the magistrate judge misconstrued the legal standard and erred when considering the facts for both the deliberate indifference issue and the qualified immunity issue.

After considering the defendants' objections and the Report and Recommendation, and after conducting a de novo review of the record, the Court finds that the defendants' objections should be overruled and that the conclusions of the magistrate judge should be affirmed. The Court is aware that the facts in many ways support the defendants' theory of the case and a finding that the defendants did not act with deliberate indifference and are entitled to qualified immunity. Review of a simple reading of the facts, however, is not the standard of review that the Court must follow at this time. Instead, at this stage of summary judgment, the Court must view the facts and draw all reasonable inferences from these facts in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*,

822 F.2d 1432, 1435 (6th Cir. 1987). Considering the facts in that light, the Court concludes for the reasons below that there are sufficient facts to require submission of this case to a factfinder and that summary judgment must be denied.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Harrison v. Ash*, 539 F.3d 510, 517-18 (6th Cir. 2008) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). In analyzing a claim of deliberate indifference, the Sixth Circuit Court of Appeals employs a two-part analysis consisting of an objective prong and a subjective prong. *Id.* at 518 Satisfaction of the objective prong requires that the plaintiff demonstrate "the existence of a 'sufficiently serious' medical need." *Id.* (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004)). For the subjective prong, Plaintiff must demonstrate that the defendants possessed "a sufficiently culpable state of mind in denying medical care." *Blackmore*, 390 F.3d at 895.

There is enough evidence for a factfinder to conclude that Leonardson's medical need during the early morning of January 1, 2003 was "sufficiently serious." A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison*, 539 F.3d at 518 (citing *Blackmore*, 390 F.3d at 897).

The evidence is that on the day that Leonardson died, Rice and Peek entered

6

Leonardson's cell some time between 4:00 a.m. and 5:00 a.m.; that Leonardson had some kind of ongoing medical condition that deserved his placement in the observation cell; that when Rice and Peek tried to move Leonardson, he could not move his legs; that Leonardson appeared frail and lethargic. From this, a factfinder could conclude that Leonardson was in a condition so obvious that a lay person without medical knowledge would recognize the immediate need for medical attention. Accordingly, Leonardson's condition was "sufficiently serious," thereby satisfying the objective prong.

Similarly, when considering the facts in the light most favorable to the plaintiff, there is a small amount of, but sufficient, evidence to satisfy the subjective prong. Satisfaction of the subjective prong requires the plaintiff to demonstrate that the defendants possessed "a sufficiently culpable state of mind in denying medical care." *Blackmore*, 390 F.3d at 895. A defendant possess a sufficiently culpable state of mind when he acts with deliberate indifference, which requires that a defendant be more than negligent. *Harrison*, 539 F.3d at 518.

> An official is deliberately indifferent where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference."

*Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Taking the facts in a light most favorable to the plaintiff, the facts indicate that Rice and Peek knew that Leonardson had some kind of medical condition that merited observation; they saw Leonardson's condition of not being able to move his legs and appearing frail and lethargic; they placed Leonardson back on his bed and left the cell for some period of time; they did not call for medical attention at this time, but only did so when

7

they returned to the cell and found Leonardson lying still with his mouth open. From these facts, a factfinder could make a reasonable inference that Rice and Peek knew that Leonardson was in a state where there was a substantial risk of serious harm to his health, and yet disregarded this risk by not calling for timely medical attention. Consequently, the subjective prong is satisfied and there are sufficient facts for the plaintiff to show that Rice and Peek acted with deliberate indifference to the serious medical needs of Leonardson on the morning of January 1, 2003.

The defendants Rice and Peek also argue that they are entitled to the defense of qualified immunity. The Sixth Circuit Court of Appeals has adopted the Supreme Court's holding in *Saucier v. Katz*, 533 U.S. 194 (2001), that a ruling upon a governmental actor's assertion of qualified immunity involves two questions: "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Estate of Carter*, 408 F.3d at 310-11 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

The Court finds that Rice and Peek are not entitled to the qualified immunity defense. As discussed above, when taking the facts and inferences therefrom in the light most favorable to the nonmoving plaintiff, a factfinder could determine that Rice and Peek violated Leonardson's constitutional rights under the Eighth Amendment by being deliberately indifferent to his serious medical needs.

The second step of the qualified immunity analysis is a determination whether having a right to adequate medical treatment was clearly established at the time of the defendants' violation. Pursuant to the relevant case law of the Sixth Circuit, there is no

question that this right was clearly established at the time of the violation on January 1, 2003. "As early as 1972, this court stated that 'where the circumstances are clearly sufficient to indicate the need of medical attention for injury or illness, the denial of such aid constitutes the deprivation of constitutional due process.'" *Estate of Carter v. City of Detroit*, 408 F.3d 305, 313 (6th Cir. 2005) (quoting *Fitzke v. Shappell*, 468 F.2d 1072, 1076 (6th Cir. 1972)). Accordingly, when considering the facts in the light most favorable to the plaintiff, there is a violation of a clearly established constitutional right, and the defendants Rice and Peek are not entitled to qualified immunity. The Court therefore concludes that the defendants Rice and Peek are not entitled to summary judgment in their favor.

IV.  Defendants Dobbins and Reliford

In the Report and Recommendation, the magistrate judge found that the defendants Dobbins and Reliford were not entitled to summary judgment. The magistrate judge found that, when considering the facts in the light most favorable to the nonmoving plaintiff, there was sufficient evidence for a factfinder to conclude that the defendants Dobbins and Reliford were deliberately indifferent to Leonardson's serious medical needs prior to Leonardson's death. The defendants filed objections to this ruling.

After considering the facts in the light most favorable to the nonmoving plaintiff, the Court finds that there is sufficient evidence to support the finding of the magistrate judge. Leonardson satisfies the objective component, as it is clear that there existed a sufficiently serious medical need. *See Harrison*, 539 F.3d at 518. The defendants Dobbins and Reliford knew that Leonardson suffered from Addison's Disease and polyglandular autoimmune disorder and that Leonardson had almost died from it. When Leonardson's

condition worsened around December 29, Dobbins had Leonardson placed in an observation cell for close monitoring and treatment. Leonardson had lost weight, looked frail, and had symptoms of vomiting, dehydration, and abnormal levels of sodium and potassium. All of this evidence satisfies the objective component

For the subjective component, the plaintiff must show that the defendant possessed "a sufficiently culpable state of mind in denying medical care." *Blackmore*, 390 F.3d at 895. In cases of medical mistreatment, "a doctor's provision of 'grossly inadequate medical care' to an involuntary detainee may amount to deliberate indifference." *Miller v. Calhoun County*, 408 F.3d 803, 819 (6th Cir. 2005) (citations omitted). "Grossly inadequate medical care is medical care that is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* (quoting *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002)). Taking the facts and inferences therefrom in the light most favorable to the nonmoving plaintiff, the Court concludes that there is sufficient evidence to support a finding that the medical defendants, Dr. Dobbins and Nurse Reliford, provided grossly inadequate medical care amounting to deliberate indifference. Following Leonardson's return from the hospital on December 17, Dobbins and Reliford were aware of Leonardson's life-threatening condition. The defendants knew that Leonardson should be closely observed and that if his condition worsened, that he should be sent back to the hospital. When Leonardson began complaining of dizziness, vomiting, and chest pain, the defendants did not hospitalize Leonardson, but continued to keep him in the observation cell even as his symptoms worsened. On December 31, Reliford entered the cell in order to draw blood from

Leonardson. When Leonardson said that he didn't want to be disturbed in order to do blood work, Reliford left the cell without pressing this issue, and several hours later, Leonardson died.

The Court is mindful that, based on these facts, a jury might conclude that the medical care, though possibly deficient or mistaken, does not rise to the level of being grossly inadequate and amounting to deliberate indifference to Leonardson's serious medical needs. At the summary judgment stage, however, the Court must weigh the facts and all reasonable inferences from the facts in favor of the nonmoving plaintiff. The Court concludes that a factfinder could determine that the defendants Dobbins and Reliford failed to properly monitor Leonardson and to appropriately respond to Leonardson's condition, and that this failure consisted of grossly inadequate medical care amounting to deliberate indifference to Leonardson's serious medical needs. Consequently, Dobbins and Reliford are not entitled to summary judgment in their favor.

## CONCLUSION

In conclusion, the Court is unable to find as a matter of law that the defendants Peek, Rice, Dobbins, and Reliford are entitled to summary judgment. When considered in the light most favorable to the plaintiff, the evidence is sufficient to support submission of the issues to a factfinder at trial.

Accordingly, after having reviewed the magistrate judge's Report and Recommendation, the defendants' objections, and the applicable portions of the record, **IT IS HEREBY ORDERED** that the defendants' objections [docket entries #133 and 134] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #132] is **ACCEPTED and ADOPTED** as the opinion of this Court, in a manner consistent with this current Order.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by the defendants Heyns, Kuhl, Hartman, Halsey, Peek, and Rice [docket entry #108] is **GRANTED IN PART** and **DENIED IN PART**. In particular, summary judgment is **GRANTED** with respect to the claims against the defendants Heyns, Kuhl, Hartman, and Halsey, while summary judgment is **DENIED** with respect to the claims against the defendants Peek and Rice. The defendants Heyns, Kuhl, Hartman, Halsey are hereby **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by the defendants Dobbins and Reliford [docket entry #109] is **DENIED**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  January 13, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager