UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY LEONARDSON, as personal
representative of the Estate of Douglas
Leonardson,

                                                                CIVIL CASE NO. 05-40046
                        Plaintiff,

v.                                         HONORABLE STEPHEN J. MURPHY, III

SGT. ERIC PEEK, et al.,

                        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is the plaintiff's motion for reconsideration filed on January 28, 2009. In her motion, the plaintiff requests that the Court reconsider its January 13, 2009 order denying the plaintiff an opportunity to amend the complaint and add a state medical malpractice claim. The plaintiff argues that the Court palpably erred in concluding that the plaintiff failed to comply with the substantive requirements of Michigan's medical malpractice law and failed to provide adequate notice to the defendants.

Local Rule 7.1(g) for the Eastern District of Michigan provides for reconsideration of a Court's order or judgment. The rule states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(g)(3).

In this case, the Court would have to exercise supplemental jurisdiction over a state medical malpractice claim pursuant to 28 U.S.C. § 1367(a). "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). Here, the Court finds that the principles of judicial economy, convenience, fairness, and comity weigh against exercising supplemental jurisdiction over a state medical malpractice claim. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997). Consequently, even assuming that the Court palpably erred in its conclusions about the substantive requirements and notice for the malpractice claim, correcting this defect will not result in a different disposition of the case. *See* E.D. Mich. L.R. 7.1(g)(3).

**ACCORDINGLY, IT IS HEREBY ORDERED** that the plaintiff's motion for reconsideration [docket entry #144] is **DENIED**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  February 11, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 11, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager