UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY LEONARDSON, as personal representative of the Estate of Douglas Leonardson,

CIVIL CASE NO. 05-40046

Plaintiff,

v.

HONORABLE STEPHEN J. MURPHY, III

SGT. ERIC PEEK, et al.,

Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

Before the Court is the defendants William Dobbins and Neely Reliford's motion for reconsideration filed on January 30, 2009. In their motion, the defendants request that the Court reconsider its January 13, 2009 order denying the defendants' motion for summary judgment. The defendants argue the Court committed a palpable error when it found that the plaintiff had presented sufficient facts to satisfy the "subjective component" of the deliberate indifference claim.

Local Rule 7.1(g) for the Eastern District of Michigan provides for reconsideration of a Court's order or judgment. The rule states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(g)(3).

After having reviewed the defendants' motion for reconsideration, the Court concludes that the defendants have not demonstrated a "palpable defect by which the court and the parties have been misled" and that the defendants are "merely present[ing] the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(g)(3).

At the summary judgment stage, the Court must view the facts and draw all reasonable inferences from these facts in a light most favorable to the nonmoving party, namely the plaintiff. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). When considering the facts in this light, the plaintiff has presented sufficient evidence from which a factfinder could conclude that the subjective component was satisfied. The facts support a finding that the defendants knew that Leonardson had a serious medical condition and that this condition was worsening, that the defendants subjectively perceived that there was a substantial risk to Leonardson if he was not given adequate medical care such as hospitalization, and that the defendants disregarded this risk.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the defendants' motion for reconsideration [docket entry #145] is **DENIED**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 11, 2009

2

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 11, 2009, by electronic and/or ordinary mail.

       s/Alissa Greer
       Case Manager